**LaVada RAWLINS, Plaintiff-Appellant,**

v.

**Martha Jane CURRINGTON, Defendant-Respondent.**

No. 43607.

Missouri Court of Appeals, Eastern District, Division Four.

April 13, 1982.

Dennis E. McIntosh, Farmington, for plaintiff-appellant.

Dennis H. Tesreau, Hillsboro, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment against her pursuant to jury verdict in an intersection collision case. We affirm.

On appeal plaintiff challenges only the defendant's verdict-directing instruction on contributory negligence. That instruction hypothesized, disjunctively, plaintiff's negligence in (1) failing to keep a careful lookout, (2) driving at excessive speed, (3) failure to yield the right-of-way. The specific attack is that submissions (1) and (3) were not supported by the evidence.

 The accident occurred at the intersection of Walnut and Fifth Streets in Desloge, Missouri. Plaintiff was driving south on Fifth Street; defendant east on Walnut. The intersection contained no traffic control. Plaintiff describes it as "blind" due to

obstructions. Defendant acknowledges the obstructions but disputes the "blind" label. Plaintiff admitted that she did not see defendant's vehicle until after the collision and concedes here that such fact warrants an inference that she failed to maintain a careful lookout in entering and passing through the intersection. She contends, however, that no evidence was adduced that had she maintained such a lookout she would have been able to avoid the accident. The evidence favorable to defendant reflected that defendant was able to see plaintiff's vehicle when each was twenty feet from the intersection. Plaintiff's speed at that time was placed between something under 20 miles per hour (by plaintiff) to fifty miles per hour (by defendant's witnesses). Plaintiff testified she was in the intersection from 10 to 30 seconds before the collision occurred. She was struck at the right rear quarter panel of her car when by her estimate she was within a foot or two of having completely exited the intersection. Defendant's vehicle was traveling 30 m. p. h. when she first saw plaintiff; she applied her brakes and slid into plaintiff; defendant had slowed prior to the collision. There was no evidence of the dimensions of the intersection. Taking defendant's evidence of plaintiff's speed, the fact that defendant had time to slow her vehicle prior to the collision and the almost escaping nature of the impact it is inferable that plaintiff could have avoided the accident by speeding up had she seen defendant. It is reasonable to assume that had plaintiff seen defendant when the vehicles became mutually visible she could have prevented the collision. The lookout hypothesis was supported by the evidence.

Plaintiff points to the evidence of defendant's witnesses that plaintiff entered the intersection first to support her claim that the right-of-way hypothesis was defective for lack of evidence. Sec. 304.351.2 RSMo 1978 provides that:

"When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left [plaintiff] shall yield the right-of-way to the driver of the vehicle on the right [defendant]."

The paragraph preceding that one provides that a vehicle approaching an intersection such as this one shall yield to a vehicle already in the intersection. Plaintiff contends that by reaching the intersection first she was therefore entitled to the right-of-way. Our courts have consistently recognized that right-of-way is not governed by a mere split-second priority in entering an intersection first. *James v. Berry*, 301 S.W.2d 530 (Mo.App.1957) [2, 3]; *Douglas v. Whitledge*, 302 S.W.2d 294 (Mo. App.1957) [4]. Defendant was 20 feet from the intersection traveling 45 feet per second when plaintiff was 20 feet from the intersection traveling between 30 and 75 feet per second. They obviously entered the intersection within a split-second of each other. Under those circumstances it was a question for the jury whether the parties entered the intersection at "approximately the same time" which would impose upon plaintiff the obligation to yield. The right-of-way hypothesis was supported by the evidence.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.